UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SARAH PORISS | : | CIVIL ACTION NO. |
| | : | 3:15-cv-1837 (JAM) |
|     Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| GENE LANGAN VOLKSWAGEN OF | : | |
| CONNECTICUT, INC., VOLKSWAGEN | : | |
| AKTIENGESELLSCHAFT, AND | : | |
| VOLKSWAGEN GROUP OF | : | |
| AMERICA, INC. | : | |
| | : | |
|     Defendants | : | FEBRUARY 1, 2016 |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

Plaintiff submits the following as her Reply to the defendants' Opposition to Motion to Remand.

At pages 4-5 of its Memorandum, defendants argue that the recovery could exceed $50,000 because Counts IV and V do not cap the requested relief to below $50,000. The fourth count, fraud by concealment, is a tort claim. The fifth count, CUTPA, is a state statutory cause of action. There is no federal jurisdiction for those claims, and they would therefore be pendent claims if Magnuson-Moss jurisdiction exists.

Plaintiff concedes that her recoveries under those counts potentially exceed $50,000.  However, the Court cannot include pendent claims for purposes of determining whether the jurisdictional threshold is satisfied. *Delisle v. Cruz Auto Sales, LLC.,* No. 3:11cv1902(MRK), 2012 WL 2061622 at *1  (D. Conn. Jun 06, 2012)("pendant state law claims, interest, and attorney's fees are not counted toward

the $50,000 threshold."); *Angelillo v. Harte Nissan, Inc.,* No. 09-CV -1313(WWE), 2010 WL 569887, at *3 (D. Conn. Feb. 17, 2010)( "Pendent state law claims are not included in determining whether the value of 'all claims' reaches the jurisdictional threshold."); *Jiminez v. Going Forward, Inc.*, 25 F.Supp.2d 54, 55 (D. Conn. 1998)("'pendent state law claims should not be counted toward Magnuson-Moss' jurisdictional threshold"); *Makuch v. Stephen Pontiac-Cadillac, Inc.*, 3:12-CV-866 (WWE),  2013 WL 45887 at *3 (D. Conn. Jan. 3, 2013)( "Pendent state law claims are not included in determining whether the value of 'all claims' reaches the jurisdictional threshold").

Consequently, the only damages claims that can be considered for purposes of determining whether the defendants have established the jurisdictional threshold are the claims brought under Magnuson-Moss. As the defendants have acknowledged, those claims are expressly limited to less than $50,000.

Defendants also argue at pages 6-7 that Plaintiff should not be entitled to fees for the improper removal of this Complaint because they had a reasonable basis for removing this action. Yet, the only cases that they cite in support of their assertion of jurisdiction explicitly state that pendent claims cannot be considered. Defendants are seeking to transfer this case to the Multi-District Litigation Panel, where it is likely to languish for years. There is no rational basis for this removal, and Plaintiff should receive fees reasonably incurred in having the matter remanded to state court.

Plaintiff's counsel has spent 1 hour of work in preparing this Reply Memorandum and has spent an additional 2 hours of work in opposing the transfer to the MDL.

Accordingly, Plaintiff requests that the court award $1,200 in fees in addition to the $1,000 sought in the original motion, or a total of $2,200.

                         PLAINTIFF, SARAH PORISS

                         By: /s/ *Daniel S. Blinn*
                              Daniel S. Blinn (ct02188)
                              dblinn@consumerlawgroup.com
                              Consumer Law Group, LLC
                              35 Cold Spring Rd. Suite 512
                              Rocky Hill, CT  06067
                              Tel. (860) 571-0408
                              Fax (860) 571-7457

## CERTIFICATION

I hereby certify that on this 1st day of February 2016, a copy of foregoing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Volkswagen Aktiengesellschaft
Berliner Ring 2
38436 Wolfsburg
Germany

                              /s/ *Daniel S. Blinn*
                              Daniel S. Blinn