UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SARAH PORISS,
    *Plaintiff*,

    v.

No. 3:15-cv-01837 (JAM)

GENE LANGAN VOLKSWAGEN OF
CONNECTICUT, INC., *et al.*,
    *Defendants*.

**RULING GRANTING MOTION TO REMAND TO STATE COURT**

This case involves an owner of a Volkswagen automobile who seeks damages stemming

from well-publicized allegations that Volkwagen fraudulently installed devices in its diesel cars

that were designed to evade air pollution control laws. After plaintiff filed her action in

Connecticut state court, the Volkswagen defendants removed the case to this Court. Plaintiff now

seeks remand on the ground that there is no federal jurisdiction over this case. Because plaintiff

properly drafted her complaint in a manner that does not trigger federal jurisdiction over her

claims, I will grant plaintiff's motion to remand.

**BACKGROUND**

In November 2012, plaintiff Sarah Poriss purchased a new Volkswagen diesel automobile

from her local dealer, defendant Gene Langan Volkswagen of Connecticut, Inc. (Gene Langan).

At the time of that purchase, plaintiff alleges that the car was equipped with a "defeat device"

that allowed the vehicle to pass the Connecticut emissions tests and meet EPA certification

requirements, despite the fact that the car actually emitted illegal levels of pollutants into the air

during normal operations. She further alleges that defendants Volkswagen Group of America,

Inc. and Volkswagen Aktiengesellschaft knew about this device, and yet all the defendants

marketed and sold her the car as a "clean diesel" model.

Plaintiff filed a five-count complaint in Connecticut state court. Two of her claims arise

under federal law under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310, and the remaining

three claims arise under Connecticut state law:

- Count One alleges a federal law claim under the Magnuson-Moss Warranty Act for breach of implied warranty of merchantability against the defendant car dealer Gene Langan.

- Count Two alleges a state law claim for breach of express warranty against the Volkswagen defendants.[1]

- Count Three alleges a federal law claim under the Magnuson-Moss Warranty Act for breach of implied warranty of merchantability against the Volkswagen defendants.

- Count Four alleges a state law claim of fraud by concealment against the Volkswagen defendants.

- Count Five alleges a state law claim under the Connecticut Unfair Trade Practices Act (CUTPA) against the Volkswagen defendants.

Most significantly for purposes of this ruling, plaintiff's two federal law claims—Counts One

and Three—expressly limit the damages sought to *less* than the $50,000 threshold that is

required in order to maintain a claim under the Magnuson-Moss Warranty Act in a federal court.[2]

Two of plaintiff's remaining state law claims—for fraudulent concealment (Count Four) and

CUTPA (Count Five)—seek punitive damages, and these claims do *not* limit the amount claimed

to less than $50,000. *Id.* at 19 (¶ 35), 21 (¶ 38).

---

[1] Despite the fact that Count Two incorporates earlier paragraphs of the complaint that refer to the Magnuson-Moss Warranty Act's definition of a "warrantor," there is nothing in the charging paragraphs of Count Two that refers to the Magnuson-Moss Warranty Act. Doc. #3-1 at 13-14. This is in contrast to the charging paragraphs of Counts One and Three that expressly allege a cause of action under the Act, and plaintiff's counsel confirmed at oral argument that Count Two alleges a purely state law claim for breach of express warranty. In any event, even if I were to interpret Count Two to allege a claim under the Magnuson-Moss Warranty Act, this would make no difference to my ruling in this case.

[2] Count One against defendant Gene Langan seeks "an amount less than $50,000, plus attorney's fees and costs pursuant to 15 U.S.C. § 2310(d)." Doc. #3-1 at 13 (¶ 29). Count Three against the Volkswagen defendants seeks "damages, including common law punitive damages, in an amount less than $50,000, plus attorney's fees and costs pursuant to 15 U.S.C. § 2310(d)." *Id.* at 14 (¶ 27).

Defendants timely removed this action to federal court on the asserted ground that federal jurisdiction exists under the Magnuson-Moss Warranty Act. Plaintiff has now moved to remand on the ground that her complaint limits the amount in controversy to an amount under the $50,000 minimum that is required to allow for federal jurisdiction over a claim under the Magnuson-Moss Warranty Act.

## DISCUSSION

The Magnuson-Moss Warranty Act creates a cause of action for certain consumer claims of breach of warranty or breach of contract. *See* 15 U.S.C. § 2310(d). Congress authorized a cause of action to be brought in either a state court or a federal court, *see* § 2310(d)(1)*,* but was careful to limit the actions under the Act that may be maintained in a federal court rather than in a state court. Specifically, the Act provides that "[n]o claim shall be cognizable in a suit" before a federal district court "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(B); *see also Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238, 241 (2d Cir. 1986) (describing federal jurisdictional requirements under the Act).

Here, plaintiff has drafted her complaint so that it expressly limits her total claim of damages to less than $50,000 for her causes of action under the Magnuson-Moss Warranty Act. When it comes to deciding whether a complaint alleges a requisite amount in controversy to allow for federal jurisdiction, it has long been the rule that a plaintiff may avoid federal jurisdiction by expressly limiting the claimed amount to less than the federal jurisdictional threshold. In *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938), the Supreme Court made clear that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Id.* at 288. Thus, a plaintiff who wishes to avoid federal jurisdiction "may resort

to the expedient of suing for less than the jurisdictional amount, and though he would be justly

entitled to more, the defendant cannot remove" the case from state court to a federal court. *See*

*also Standard Fire Ins. Co. v Knowles*, 133 S. Ct. 1345, 1350 (2013) (re-affirming *St. Paul*;

"federal courts permit individual plaintiffs, who are the masters of their complaints, to avoid

removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue

that fall below the federal jurisdictional requirement"); 14A C. Wright & A. Miller, Federal

Practice and Procedure § 3702 (4th ed.) (noting that "plaintiff is the master of the statement of

his claim" and that "if plaintiff chooses to ask for less than the jurisdictional amount in a state

court . . . only the sum action demanded is in controversy").

The *St. Paul* rule clearly controls this case. Although plaintiff might have sought $50,000

or more for her claims under the Magnuson-Moss Warranty Act, she did not do so. To the

contrary, she expressly limited her claims for recovery under the Magnuson-Moss Warranty Act

to less than the $50,000 threshold. That is precisely what *St. Paul* allows a plaintiff to do and that

is why there is no federal jurisdiction over this case.

Defendants' contrary arguments are confusing and otherwise lack merit. Initially,

defendants opposed plaintiff's motion to remand on grounds that they later conceded. They

contended that, notwithstanding plaintiff's effort to limit her recovery for her claims under the

Magnuson-Moss Warranty Act, federal jurisdiction was proper because plaintiff had not

correspondingly limited the damages that she sought for her state law claims of fraudulent

concealment (Count Four) and CUTPA (Count Five).[3] Plaintiff countered by filing a reply brief

citing numerous decisions in this District that have uniformly concluded that pendent state law

---

[3] See, e.g., Doc. #13 at 1-2 (contending that "[c]ontrary to representations in Plaintiff's Motion, the Complaint does not effectively limit damages to less than the jurisdictional amount" and that "[i]n fact, Counts Four and Five seek unlimited punitive damages, and Plaintiff's prayer for relief sets no limit on damages sought over all"); *id.* at 4 (complaining that "there is no limit on the recovery which Plaintiff seeks pursuant to Counts Four and Five of the Complaint, both of which include a demand for punitive damages"); *id.* at 5 (complaining that plaintiff's motion for remand "does not mention the Complaint's unbounded counts" beyond the warranty counts).

claims do not count for purposes of determining whether the Magnuson-Moss Warranty Act's

$50,000 jurisdictional threshold is established. Doc. #15 at 1-2.[4]

Defendants then filed a sur-reply brief that *did not* contest plaintiff's point; to the

contrary, it accepted "the well-known principle that courts do not aggregate pendent state-law

causes of action when calculating the jurisdictional amount under the Magnuson-Moss Warranty

Act." Doc. #16 at 1. It is odd that defendants conceded this point, because the Second Circuit has

yet to rule on the issue, and there is otherwise a festering circuit split on the issue of whether

pendent state law claims may be counted toward the jurisdictional amount in controversy under

the Magnuson-Moss Warranty Act.[5]

Nevertheless, defendants pressed different arguments instead. First, defendants argued

that any punitive damages awarded for plaintiff's CUTPA claim could be considered for

purposes of the jurisdictional threshold. It is hard to know what to make of this argument in light

of defendants' prior acceptance of the "well-known" baseline principle that pendent state law

claims do not count for purposes of assessing jurisdiction under the Magnuson-Moss Warranty

Act. It makes no sense to concede as a general matter that pendent state law claims do not count

for purposes of the jurisdictional inquiry but then to argue that a particular pendent state law

---

[4] *See, e.g., Makuch v. Stephen Pontiac-Cadillac, Inc.*, 2013 WL 45887, at *3 (D. Conn. 2013) ("Pendent state law claims are not included in determining whether the value of 'all claims' reaches the jurisdictional threshold."); *Delisle v. Cruz Auto Sales, LLC*, 2012 WL 2061622, at *1 (D. Conn. 2012) (noting that "pendent state law claims, interest, and attorney's fees are not counted toward the $50,000 threshold"); *Angelillo v. Harte Nissan, Inc.*, 2010 WL 569887, at *3 (D. Conn. 2010) ("Pendent state law claims are not included in determining whether the value of 'all claims' reaches the jurisdictional threshold."); *Jiminez v. Going Forward, Inc.*, 25 F. Supp. 2d 54, 55 (D. Conn. 1998) (noting that "pendent state law claims should not be counted toward Magnuson-Moss' jurisdictional threshold").

[5] *Compare Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887-88 (5th Cir. 2014) ("damages for any pendent state-law claims should not be included to satisfy the jurisdictional amount"), with *Harnden v. Jayco, Inc.*, 496 F.3d 579, 582 (6th Cir. 2007) (pendent state law claims count). I conclude for the reasons set forth by Judge McCarthy that pendent state law claims should not count for purposes of the jurisdictional threshold under the Magnuson-Moss Warranty Act. *See Pyskaty v. Wide World of Cars, LLC*, 2016 WL 828135, at *5 (S.D.N.Y. 2016). In any event, because defendants have not identified this circuit split in their briefing and do not purport to challenge the rule as stated in numerous Connecticut district court decisions, there is no need for me to elaborate on the reasons why pendent state law claims should not count toward the federal jurisdictional threshold.

punitive damages claim (such as for CUTPA) does somehow count toward the jurisdictional

minimum.

Defendants do nothing to explain this contradiction. Instead, they base their CUTPA

argument on a clear misreading of case authority. Citing two cases from the District of

Connecticut, they contend that it is "well-established law that punitive damages under the

Connecticut Unfair Trade Practice Act . . . count toward the $50,000 Magnuson-Moss federal

jurisdictional amount," Doc. #16 at 1, and that it is "well established that in this jurisdiction,

Plaintiff's pleaded CUTPA punitive damages are to be aggregated with compensatory damages

under Magnuson-Moss Warranty Act claims." Doc. #16 at 2.

Both of the "well established" cases that are cited by defendants do not stand for the

proposition that defendants claim. First, defendants cite *Makuch v. Stephen Pontiac-Cadillac*,

*Inc.*, 2013 WL 45887 (D. Conn. 2013). Although it is true that the plaintiff in *Makuch* alleged a

CUTPA claim in addition to a claim under the Magnuson-Moss Warranty Act, there is nothing to

support defendants' claim that the court in *Makuch* "aggregate[ed] punitive damages under

MMWA and Connecticut Unfair Trade Practice Act (CUTPA))." Doc. #16 at 2. To the contrary,

the court made clear in *Makuch* that "[p]endent state law claims are not included in determining

whether the value of 'all claims' reaches the jurisdictional threshold." 2013 WL 45887, at *1.

Without suggesting that this rule excluding pendent state law claims was subject to some special

exception for CUTPA punitive damages claims, the court in *Makuch* turned to evaluating

whether any punitive damages that would be available for a plaintiff's claim under the

Magnuson-Moss Warranty Act would exceed $50,000. *Id.* at *2. The court noted that the

measure of punitive damages for a claim under the Magnuson-Moss Warranty Act is based upon

what Connecticut state law would allow for a cognate claim of breach of warranty and that this

6

measure of punitive damages is a common-law punitive damages award for the amounts

expended by plaintiff for attorney's fees. *Id.* at \*2 (discussing when "punitive damages are

available for a claim of breach of warranty"). The court in *Makuch* made no mention of the

CUTPA measure of punitive damages and did not otherwise suggest that the jurisdictional limits

of the Magnuson-Moss Warranty Act should be interpreted by reference to CUTPA at all.

Defendants fare no better with their reliance on *Jiminez v. Going Forward, Inc.*, 25 F.

Supp. 2d 54 (D. Conn. 1998), a case that defendants claim "aggregate[ed] 'punitive damages

under Magnuson-Moss and the Connecticut Unfair Trade Practices Act (CUTPA).'" Doc. #16 at

2 (quoting *Jiminez*, 25 F. Supp. 2d at 55). Defendants elsewhere claim that the court in *Jiminez*

"held" that "'punitive damages under Magnuson-Moss and the Connecticut Unfair Trade

Practices Act' are included in the jurisdictional calculus." Doc. #13 at 6 (quoting *Jiminez*, 25 F.

Supp. 2d at 55). The court in *Jiminez* did no such thing. The snippet of language quoted by

defendants from *Jiminez* was not the court's holding but was a description of what it was that the

plaintiff was claiming; the full sentence at issue reads: "Plaintiff also seeks punitive damages

under Magnuson-Moss and the Connecticut Unfair Trade Practices Act ('CUTPA')."  25 F.

Supp. 2d at 55. The court in *Jiminez* then went on to reiterate "that pendent state law claims

should not be counted toward Magnuson-Moss' jurisdictional threshold." *Ibid.* And the Court

went on to *hold* that "this Court concludes that Plaintiff's state law claims should not be

considered when calculating Magnuson-Moss' jurisdictional amount." *Ibid.*[6]

---

[6] Although the court in *Jiminez* discussed the availability of damages for a CUTPA claim, this discussion is
anticipatory to the court's statement that it had "serious doubts" that such damages would be available on the facts
of that case and precedes the court's immediate later statement that state law claims do not count toward the
Magnuson-Moss Warranty Act's jurisdictional threshold. 25 F. Supp. 2d at 55. Furthermore, CUTPA does not
codify common-law doctrine, and so a pure breach of warranty claim cannot be brought under CUTPA. *See Izzarelli
v. R.J. Reynolds Tobacco Co.*, 767 F. Supp. 2d 324, 332 (D. Conn. 2010) (discussing the legislative intent of
CUTPA).

In short, defendants' argument that punitive damages under CUTPA should count toward the jurisdictional threshold under the Magnuson-Moss Warranty Act makes no sense; it cannot be squared with defendants' acceptance of the proposition that pendent state law claims do not count in the first place toward the Act's jurisdictional threshold. Nor is there any arguable merit to defendants' claim that other courts in the District of Connecticut have agreed with their CUTPA argument. Defendants have misread these precedents to say what they do not in fact say.

Defendants next contend in their sur-reply brief that, because plaintiff has sued *multiple* defendants, it follows that plaintiff is actually seeking recovery in excess of the jurisdictional threshold and notwithstanding the limitation to less than $50,000 that she pleads for each individual claim. Because this argument was raised for the first time in defendants' sur-reply brief, I deem it to be waived. In any event, the argument is incorrect, because it overlooks well-established law that—no matter how many claims or defendants—plaintiff will not be entitled to double- or multiple-recovery, either with respect to her claim for compensatory damages (which defendants at oral argument did not contest) or, more importantly, with respect to her claim for such punitive damages that might be allowed under the Magnuson-Moss Warranty Act.

As noted above, the measure of punitive damages for a breach-of-warranty claim under the Magnuson-Moss Warranty Act is the measure of damages that could be recovered for a cognate state law claim of a tortious breach of warranty. *See, e.g.*, *Makuch*, 2013 WL 45887, at *2; *see also Rosen v. Gupta*, 2000 WL 639964, at *1 (2d Cir. 2000); *Saval v. B.L. Ltd.*, 710 F.2d 1027, 1033–34 (4th Cir. 1983) (*per curiam*). Connecticut does not have a statutory measure of punitive damages for a claim of tortious breach of warranty; the only punitive damages that are allowable for a tortious breach-of-warranty claim are common-law punitive damages, which are

limited to attorney's fees and costs. *See Makuch*, 2013 WL 45887, at *2; *Harty v. Cantor Fitzgerald & Co.*, 275 Conn. 72, 97 (2005).

Connecticut case law makes clear that the purpose of common-law punitive damages is to do no more than make a plaintiff whole for the costs of litigation. *See Harty*, 275 Conn. at 97–98 (distinguishing statutory punitive damages designed to punish from Connecticut common-law punitive damages which are "intended to do no more than make the litigant whole"). Common-law punitive damages are not awarded to enrich a plaintiff with more in damages than the harm and costs that she has incurred. *See Label Sys. Corp. v. Aghamohammadi*, 270 Conn. 291, 335 (2004) (noting the limitation on common-law punitive damages which "fulfills the salutary purpose of fully compensating a victim for the harm inflicted on him while avoiding the potential for injustice which may result from the exercise of unfettered discretion by a jury").

Accordingly, as the Connecticut Appellate Court has recently noted, common-law punitive damages may only be collected once by a plaintiff under the "settled common-law rule limiting punitive damages to a single recovery of litigation expenses because their purpose is to make a victim whole . . ." *Tomick v. United Parcel Serv., Inc*., 157 Conn. App. 312, 339 (2015); *see also Hylton v. Gunter*, 313 Conn. 472, 485-86 (2014) (noting that common-law punitive damages are "akin to statutorily authorized attorney's fees in practicality and purpose . . . fully compensating injured parties"); *Izzarelli v. R.J. Reynolds Tobacco Co.,* 767 F. Supp. 2d 324, 326, 332 (D. Conn. 2010) (discussing rule for calculation of common-law punitive damages in Connecticut and how this rule differs from the statutory measure of punitive damages that may be available under CUTPA; "CUTPA is not a codification of common law causes of action" and "no question arises whether the legislature intended CUTPA's statutorily-created punitive damages provision to subsume a pre-existing common-law measure of punitive damages").

Unfortunately, defendants do not cite or acknowledge these Connecticut cases that explain the limited purpose and scope of common-law punitive damages—that is, the very type of, and only type of, punitive damages that could potentially be awarded to plaintiff for her claims under the Magnuson-Moss Warranty Act. Instead, defendants cite and rely on punitive damage cases that do not involve the application by Connecticut courts of common-law punitive damages.[7] Because these cases do not involve Connecticut common-law punitive damages awards, they are inapposite.

All in all, it is clear to me that a plaintiff who is entitled to an award of common-law punitive damages under Connecticut law is not entitled—as defendants claim—to double or multiple recovery, or to a total award of punitive damages that is more than the expenses incurred by plaintiff for attorney's fees and costs. Accordingly, in light of plaintiff's allegations in the complaint that expressly limit her claims for recovery under the Magnuson-Moss Warranty Act to an amount less than $50,000, I conclude that there is no merit to defendants' arguments that plaintiff has claimed an amount in damages that suffices to confer federal jurisdiction over this case. The motion to remand will be granted.

*Plaintiff's Request for Attorney's Fees*

Plaintiff has requested that I award attorney's fees pursuant to 28 U.S.C. § 1447(c) for the expenses of her seeking remand. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, I cannot conclude that it was objectively unreasonable for defendants to have removed this case to federal court. After all, there is a circuit split on the issue of whether

---

[7] *See* Doc. #16 at 3 (citing *Gagnon v. Ball*, 696 F.2d 17, 19 n.2 (2d Cir. 1982) (punitive damages award under 42 U.S.C. § 1983), and *Bridgeport Harbour Place I, LLC v. Ganim*, 131 Conn. App. 99, 149 (2011) (punitive damages award under CUTPA)).

10

pendent state law claims count for purposes of the jurisdictional inquiry under the Magnuson-Moss Warranty Act. *See supra* note 5. It is odd that defendants seem unaware of (or at least did not call my attention to) this circuit split and that instead they conceded this issue in plaintiff's favor (and despite the absence of a Second Circuit decision on this point). Regardless, the controlling standard is one of *objective* unreasonableness, and I do not conclude in light of the circuit split that it was objectively unreasonable for defendants to have removed this case to federal court.

*Defendants' Motion for Stay*

Because I conclude that this case should be remanded, I will deny defendants' motion for a stay of this litigation pending any transfer of this matter to a federal multi-district litigation court in California. The MDL court would have to confront and resolve the same jurisdictional issues that I have addressed in this ruling; because these issues are complaint-specific and turn on specifics of Connecticut law, there would be no judicial economy served by saddling an MDL judge with this issue rather than by having this Court resolve it as I have in the first instance. Plaintiff is entitled to have her complaint proceed in Connecticut state court.

## CONCLUSION

Plaintiff's motion for remand (Doc. #11) is GRANTED without costs. Defendants' motion to stay (Doc. #19) is DENIED. The Clerk of Court shall close and remand this case.

It is so ordered.

Dated at New Haven this 31st day of March 2016.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

11